UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eleven 10 LLC, | ) | Case No. 1:18-cv-2318-JG |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge James S. Gwin |
| vs. | ) | |
| | ) | |
| Zhongshan Mai Bu Mould Co., Ltd. et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum in Support of
<u>Eleven 10 LLC's Motion for Leave to Serve by Alternate Means</u>**

**I.     <u>Introduction</u>**

Eleven 10 has tried diligently for two years now to serve defendant Zhongshan Mai Bu Mould Co., Ltd., dba FMA, ("FMA") in China, a company that has been stealing sales from Eleven 10 by flooding the U.S. market with lower-priced counterfeit versions of Eleven 10's popular tourniquet holders. Over a year after petitioning the Chinese government to serve FMA under the Hague Convention, China responded that it failed to complete service because "The recipient has moved." China gave no more details, did not say to where FMA moved, and provided no opportunity for Eleven 10 to follow up or fact-check China's terse response. Indeed, FMA may not have moved at all, and the person at the front desk may have simply lied and told the Chinese process server that FMA moved. In any event, service under the Hague Convention has hit a dead end.

Because further attempts to serve FMA under the Hague Convention are futile, Eleven 10 now seeks leave to serve FMA by alternative methods under Fed. R. Civ. P. 4(f)(3), namely though the "Contact Us" form on FMA's website and by messaging through

FMA's Facebook page. Because these are the channels through which FMA communicates with U.S. businesses and customers, these methods are reasonably calculated to provide FMA notice of this action and to provide it a due process opportunity to object and be heard. The Court should grant this motion accordingly.

## II. Facts

### A. FMA's Infringement

Eleven 10 invented, developed, and successfully marketed a one-of-a-kind tourniquet case that straps to the belts of first-responders, military, and others that provide emergency medical care in the field ("Eleven 10 Tourniquet Case"). (Compl. ¶ 2, ECF #1.) The Eleven 10 Tourniquet Case has a distinctive appearance, style, and trade dress that customers associate with Eleven 10 (the "Eleven 10 Trade Dress"). (Compl. ¶ 14-15.) The Eleven 10 Trade Dress has achieved acquired distinctiveness (*i.e.*, secondary meaning) due to the years of significant sales, marketing, and the distinctiveness of the product itself. (Compl. ¶ 18.)

For several years now, Eleven 10 has been battling counterfeit versions of the Eleven 10 Tourniquet Case that infringe the Eleven 10 Trade Dress and that are sold on eBay, Amazon, and other online resellers and marketplaces. (Compl. ¶ 6.) FMA is a major counterfeiter of the Eleven 10 Tourniquet Case. FMA imports the counterfeits from China and they are resold by third-parties on Amazon, eBay, and other online marketplaces. The FMA counterfeit products are identical to the Eleven 10 Case:




Eleven 10 Tourniquet Case / FMA Tourniquet Case

(Compl. ¶ 26-27.)

The counterfeit FMA products are taking sales from Eleven 10, undercutting Eleven 10's pricing, and causing irreparable harm to Eleven 10's reputation, especially because the FMA products are inferior, lower-quality products sold at a much lower price. (Compl. ¶ 31.) Eleven 10 sued FMA on October 4, 2018, to stop FMA's importation and sale of the counterfeit cases in the U.S. (ECF #1.)

### B. Eleven 10's efforts to serve FMA in China.

Because FMA is a Chinese company, Eleven 10 initiated service of FMA under the Hague Convention. (Declaration of Matthew J. Cavanagh ("Cavanagh Decl.") ¶ 5-8, att'd.) To comply with the Hague Convention, Eleven 10 had the complaint translated to Chinese and completed the necessary paperwork to request that the Ministry of Justice of China (the "MOJ")--which is the Chinese Central Authority designated under the Hague Convention--complete service. (Cavanagh Decl. ¶ 8.) On October 30, 2018, Eleven 10's counsel sent the required paperwork and fees to the MOJ. (*Id.*; Ex. A.)

Six months later, on April 24, 2019, Eleven 10's counsel emailed the MOJ to request

a status update. (Cavanagh Decl. ¶ 9; Ex. B.) The MOJ responded:

> Case received and registered with the above number. The case has been transferred to our Supreme Court for further process. Thank you.

(Cavanagh Decl. ¶ 10; Ex. C.)

Almost a full year later, on March 26, 2020, Eleven 10's counsel emailed the MOJ again to request a status update. (Cavanagh Decl. ¶ 11; Ex. D.) The MOJ responded with an auto-reply that stated: "Due to the COVID-19 outbreak, our office will not be able to fully operate till April." (Cavanagh Decl. ¶ 12; Ex. E.)

On March 31, 2020, Eleven 10's counsel sent a letter with copies of the complaint and summons in English and Chinese to FMA at its address in Guangdong, China. (Cavanagh Decl. ¶ 13; Ex. F.) Due to new Chinese customs regulations, however, Federal Express was not permitted to deliver the package without the addressee's business registration code, phone number and contact name and phone number. (Cavanagh Decl. ¶ 14; *see also* FedEx Newsletter (available at ftn.fedex.com/news/NewsBulletinDisplay.jsp?url=05292018&lang=en&frame=N.) Eleven 10 is unable to obtain a name and phone number for FMA because it does not provide any of that information on its website or in any publicly-available resource. (*Id.* ¶ 15.) Thus, Federal Express refused to deliver the package due to FMA concealing the names and contact information for people that work at or operate the company in China. (*Id.* ¶ 16.)

On June 11, 2020, Eleven 10 moved for default judgment against FMA because it had not received a certificate from the MOJ regarding service. (ECF #8.) On August 4, 2020, this Court denied Eleven 10's motion without prejudice because it had not first obtained an entry of default. After that, Eleven 10's counsel received a certificate from the MOJ stating

that service was unsuccessful because "The recipient has moved." (Cavanagh Decl. ¶ 21, Ex. G.) The certificate did not provide a new address or provide any other information.[1] (*Id.*)

Thus, despite Eleven 10's diligent and reasonable efforts to effectuate service on FMA under the Hague Convention, it has not been able to complete service in that manner and any further attempts to serve in that manner would be futile. (Cavanagh Decl. ¶ 26.)

### C. Other means for contacting FMA.

After learning about the service failure, Eleven 10 investigated other means for contacting FMA and perfecting service. (Cavanagh Decl. ¶ 22.) Eleven 10 closely examined FMA's website at fma.hk. (*Id.*) The FMA website, however, provides no address, phone number, email address, or other contact information. (*Id.*) Instead, it has only a "Contact Us" form, where one can enter his name, email address, and a textual message to FMA:

---

[1] Although the certificate was dated April 11, 2020, Eleven 10's counsel did not receive the certificate until after the Court denied Eleven 10's motion for default judgment. The delayed receipt was likely due to delays transmitting the certificate from China and the fact that the undersigned's law offices were empty and mail delivery disrupted during this time period due to the responses to the COVID-19 pandemic, including stay-at-home orders. (Cavanagh Decl. ¶ 21.)



(*Id.*) The Contact Us form only allows one to type a textual message; it does not allow for uploading or attaching documents to the message. (*See* www.fma.hk/contact_us.php.)

Eleven 10 sent emails to postmaster@fma.hk and sales@fma.hk, which are typical email addresses for a given domain name. (Cavanagh Decl. ¶ 23.) Those emails bounced back as undeliverable. (*Id.*)

Eleven 10 found and examined FMA's page on the Facebook social media site, which is at www.facebook.com/Fmaairsoft/. (Cavanagh Decl. ¶ 24, Ex. I.) The FMA Facebook page allows for messaging FMA through the Facebook Messenger app (@fmaairsoft), although one cannot transfer or upload documents through Facebook messenger and may only submit textual messages. The evidence that the Facebook page is FMA's page includes the page: (a) identifying itself as "FMA," (b) identifying fma.hk as its website, (c) having the same background as its website's home page, (d) listing very same products listed on FMA's website with the photos of products on the page having an "FMA" watermark in the

background, and (e) displaying dozens of photos of the FMA counterfeit products that are subject to this lawsuit. (Cavanagh Decl. ¶ 24, Ex. I.)

The FMA Facebook page provides an email address of "ones1209@gmail.com." The FMA Facebook page does not provide an address, phone number, or any other contact information. (Cavanagh Decl. ¶ 25.) On October 8, 2020, Eleven 10 sent an email to ones1209@gmail asking a question about setting up an account on the fma.hk website. That email bounced back as undeliverable. (*Id.*)

After diligent investigation, the only two known ways to communicate with FMA is through Facebook Messenger (@fmaairsoft) and through the Contact Us form on FMA's website. (Cavanagh Decl. ¶ 27.) Eleven 10 seeks leave to serve FMA through those two channels.

II. **Law and Argument**

   A. **Law on Service by Alternate Means**

Rule 4(f)(3) provides for alternate methods of service of process, so long as they are 'not prohibited by international agreement, as the court orders.'" Fed. R. Civ. P. 4(f)(3). Courts have discretion to determine the appropriate means of service. *Hardin v. Tron Foundation*, No. 20-CV-2804 (VSB), 2020 WL 5236941, at *1 (S.D.N.Y. Sept. 1, 2020). In exercising its discretion, the Court must ensure that the alternative method of service of process comports with general due process requirements. *Lexmark Int'l Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013).

Service is effective so long as "notice [is] reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). By its plain language, Rule 4(f)(3) requires only that the alternate service means not be prohibited by international agreement. *Lexmark*, 295 F.R.D. at 260.

Before allowing service by alternative means, the Court "may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried by likely futile.'" *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14CV088, 2014 WL 1764704, at *1 (S.D. Ohio May 1, 2014) (quoting *FMAC v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005)).

China is a signatory to the Hague Convention, but has objected to Article 10(a), which allows parties to serve judicial documents by "postal channels." *Hardin*, 2020 WL 5236941. Courts agree that service by email, internet communications, social media sites, or through a website are not "postal channels," such that parties may serve Chinese businesses by those alternate means. *See Hardin*, 2020 WL 5236941, at *1 (allowing service of Chinese defendant by email addresses and through defendant's LinkedIn profile); *Adidas AG v. Adidas.Style*, No. 17-62535, 2018 WL 1801197, at *1-2 (S.D. Fla. Feb. 7, 2018) (China's objection to Article 10 "does not represent an objection other forms of service, such as e-mail or publication" and allowing service by email and website "onsite contact forms"); *NOCO Co. v. Shenzhen Lianfa Tong Technology Co.*, No. 1:19CV1855 (N.D. Ohio Feb. 5, 2020) (Boyko, J.) (permitting service by email and through Facebook Messenger), att'd as Ex. J.

### B. The Court should permit service by alternative means.

Eleven 10 has shown good cause for the Court to permit service by alternative means. Eleven 10 diligently attempted service in accordance with the Hague Convention and the MOJ failed to perfect service. (Cavanagh Decl. ¶¶ 5-18, 21.) Despite its best efforts, Eleven 10 has not obtained any reliable new address information for FMA. Indeed, FMA's own website and Facebook page does not disclose any physical address, working email address, or phone number, which is consistent with FMA's illegal business model of importing counterfeit products into the U.S. while dodging service by the U.S. companies that it harms. (*See id.* ¶¶ 22-25.) Thus, Eleven 10 has reasonably attempted service under the Hague Convention, and any further attempts to serve under the Hague Convention would be futile. (*Id.* ¶ 26.)

Eleven 10 proposes that it transmit the below message to FMA through Facebook Messenger (@fmaairsoft) and the FMA website's contact form. Because those two channels only permit textual messages--and do not permit uploading, attaching, or transferring documents--Eleven 10 proposes, as shown below, that the message provide links to Court Listener's RECAP Archive[2] where the official complaint and summons can be downloaded by FMA free of charge:

> Eleven 10, LLC has sued Zhongshan Mai Bu Mould Co., Ltd., dba FMA, ("FMA") in the United States District Court for the Northern District of Ohio, USA, Case No. 1:18-cv-02318-JG. Eleven 10 alleges that FMA has made, sold, and imported into the U.S. counterfeit versions of Eleven 10's tourniquet cases in violation of Eleven 10's trade dress rights to the product. Eleven 10 asserts claims for trademark infringement and violations of Ohio trade law and seeks damages and injunctive

---

[2] The RECAP Archive contains millions of PACER documents and dockets that were gathered and uploaded to the archive using RECAP Extensions to web browsers, including the complaint and summons in this case. (*See* courtlistener.com/recap/.)

relief. FMA is required to answer on or before [21 days after date message is transmitted] or else a default judgment may be entered against it.

You may obtain copies of the complaint and summons for free here: www.courtlistener.com/recap/gov.uscourts.ohnd.247696/gov.uscourts.ohnd.247696.1.0.pdf and https://www.courtlistener.com/recap/gov.uscourts.ohnd.247696/gov.uscourts.ohnd.247696.3.0.pdf

This approach satisfies due process by apprising FMA of the lawsuit and providing it a full and fair opportunity to present its objections. *See Mullane*, 339 U.S. at 314 (describing notice required to comply with due process).

### III. <u>Conclusion</u>

For these reasons, the Court should grant Eleven 10 leave to serve defendant Zhongshan Mai Bu Mould Co., Ltd., dba FMA, through alternative means, namely through Facebook Messenger (via @fmaairsoft) and the defendant website's "Contact Us" form at fma.hk/contact_us.php

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 9, 2020 |   s/ Matthew J. Cavanagh<br>Matthew J. Cavanagh (OH 0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br>mcavanagh@mcdonaldhopkins.com<br><br>*Counsel for Eleven 10 LLC* |