# Exhibit J

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, INC., | ) | CASE NO. 1:19CV1855 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SHENZHEN LIANFA TONG | ) | |
| TECHNOLOGY CO., Ltd., et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #10) of Plaintiff The NOCO Company, Inc. for Leave to Serve Defendant Shenzhen Lianfa Tong Technology Co., Ltd. Through Alternative Means. For the following reasons, the Motion is granted.

**I. BACKGROUND**

On August 14, 2019, Plaintiff filed suit against Defendants Shenzhen Lianfa Tong Technology Co., Ltd. ("Lianfa") and Shenzhen Mediatek Tong Technology Co., Ltd. ("Mediatek") for patent infringement. Plaintiff alleges that Defendants make, use, offer to sell or import compact lithium jump starters under the brand name "Beatit" that have safety features claimed in its patent. Plaintiff has attempted to ascertain valid physical addresses,

email addresses and other contact information by searching the "Beatit" website, Amazon, eBay, the United States Patent and Trademark Office, ICANN's WHOIS database (information about the registration of a domain name), Facebook and Google.

Defendant Lianfa has chosen to ignore all communications from Plaintiff; and Plaintiff represents that, at this juncture, it has no means to serve Defendant Mediatek.

Plaintiff "pieced together" an address for Defendant Lianfa and mailed the Waiver Package on October 23, 2019. FedEx was unable to deliver the package.

On October 23, 2019, Plaintiff sent the Waiver Package to Defendant Lianfa by email to an address on the Beatit website, to eBay's Message Center and to Facebook Messenger. Every electronic communication was relayed within moments and did not bounce back to the sender.

Plaintiff also mailed the Waiver Package to individuals listed by the United States Patent and Trademark Office as attorneys/correspondents for Defendant entities. As of December 23, 2019, after the sixty-day period to return the Waiver, Plaintiff had not received any communication.

In early January of 2020, Plaintiff attempted to use electronic and telephonic channels to ascertain an address at which the Summons and Complaint could be delivered. Plaintiff also purchased a "Beatit" jump starter and used a customer service email to request a viable address. None of the electronic communications bounced back. Plaintiff tried to call Defendant Lianfa at numbers provided on the various websites. Two international calls could not be completed as dialed. Plaintiff reached a representative on a third call; but the representative hung up when asked for an address to send legal documents.

In its Motion and accompanying affidavit, Plaintiff contends that it has exhausted all means of obtaining accurate contact information for Defendants. Therefore, Plaintiff seeks leave to serve Defendant Lianfa by email and through Amazon's Message Center, eBay's Message Center and Facebook Messenger. If granted this relief and if Defendant Lianfa makes contact with Plaintiff and/or files a responsive pleading, Plaintiff hopes to obtain Defendant Mediatek's contact information from Defendant Lianfa.

## II. LAW AND ANALYSIS

### Service in a Foreign Country

Federal Rule of Civil Procedure 4(h) governs service of a corporation, partnership or association and reads:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>    (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Fed. R. Civ. P 4(f) governs service on foreign parties. Rule 4(f) reads:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

>   (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>      (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>      (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>      (C) unless prohibited by the foreign country's law, by:
>>>         (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>         (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>   (3) by other means not prohibited by international agreement, as the court orders.

The preferred method for service of a foreign party is service pursuant to the methods authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed.R.Civ.P. 4(f)(1). "The Hague Convention is the exclusive method of effecting service between signatories to the convention." *Midmark Corp. v. Janak Healthcare Private Ltd.,* No. 3:14 CV 088, 2014 WL 1764704, at *1 (S.D.Ohio May 1, 2014) (citing *Kreimerman v. Casa Veerkamp S.A. de C. V.*, 22 F.3d 634, 643–44 (5th Cir.1994)). Both China and the USA are signatories to the Hague Convention. *Lexmark Intern., Inc. v. Ink Technologies Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D.Ohio 2013).

Rulings on alternative service of process under Federal Rule of Civil Procedure 4(f)(3) are discretionary since "the plain language of the rule stipulates that a district court 'may' direct alternative means of service." *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 921 (11th Cir.2003); *C & F Systems, LLC v. Limpimax, S.A.,* 2010 WL 65200, * 1–3 (W.D.Mich. 2010). "A district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are

such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *Midmark* at *1, quoting *FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D.Va. 2005).

Federal courts have repeatedly found that email service is not prohibited by the Hague Convention. *See Medical Protective Co. v. Center for Advanced Spine Technologies, Inc*. No. 1:14CV005, 2014 WL 12653861 *2 (S.D. Ohio Jan.13, 2014).

"Even if service by alternative means is appropriate under the Convention, service must still satisfy due process under the Constitution of the United States." *Midmark* at *1, citing *Lexmark Intern.,* 295 F.R.D. at 261 (citing Fed.R.Civ.P. 4, Advisory Committee Note to Subdivision (f)(3)) ("Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.").

In light of Plaintiff's good faith efforts to serve Defendants via physical (through the Waiver Package), telephonic and electronic means, the Court finds that Plaintiff has exhausted all means consistent with Defendants' right to due process.

## III CONCLUSION

For these reasons, the Court grants the Motion (ECF DKT #10) of Plaintiff The NOCO Company, Inc. for Leave to Serve Defendant Shenzhen Lianfa Tong Technology Co., Ltd. Through Alternative Means. Further, the Court orders Plaintiff to serve Defendant Shenzhen Lianfa by email at aftersale-service-us@beatit-sz.com and sara@beatit-sz.com and through Amazon's Message Center (via Beatit Tech), eBay's Message Center (via biteyi) and

Facebook Messenger (via Beatit), as permitted by Rule 4(f)(3). Also, Plaintiff shall comply with Fed.R.Civ.P. 4 by providing proof of service on the Court's docket once service is completed by the above-approved means.

**IT IS SO ORDERED.**

**DATE: February 5, 2020**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**